IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA CALL, Individually and On Behalf of All Others Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL NO. 01-717-GPM |
| THE AMERITECH MANAGEMENT PENSION PLAN, ) ) ) ) | |
| Defendant. ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Before the Court is a "Joint Stipulation Regarding Remedial Methodology and Additional Benefit Calculations" filed by the parties (Doc. 102). This stipulation facilitates calculating the additional benefits due the Class Members pursuant to the Court's Order determining liability in favor of the Class. (*See* Doc. 85.) Two provisional spreadsheets accompany the stipulation, and the data comprising the spreadsheets is deemed presumptively accurate by the parties. The parties wisely anticipate that some spreadsheet calculations will need to be revised. The spreadsheets differ only with respect to three disputed matters, and those are resolved by this Order.

The Plan argues the Class should not receive pre-judgment interest. This argument is made in the teeth of *Berger v. Xerox Corp. Retirement Income Guarantee Plan*, 338 F.3d 755, 764 (7th Cir. 2003). The Plan, without authority or reasoned argument, states only that it wishes to preserve this issue for appeal. So it is. The Class **will be** awarded pre-judgment interest at the prime rate as set out in the Class' provisional spreadsheet (X).

Class Members are entitled to what is identified in the Plan documents as a transition benefit, which is, in ERISA parlance, an age 65 annuity. This benefit includes a subsidized early retirement benefit. There is no need to rehash the particulars of how a participant's age 65 annuity is reduced in the case of subsidized early retirement. The Class argues that the amount of the early retirement benefit should be calculated when it is received, while the Plan argues that the controlling date is June 30, 1999, irrespective of when the benefits are received. The Plan's argument results in a greater benefit reduction. Incongruously, the Plan would use the date benefits are received for the purpose of determining mortality. This too would produce a greater benefit reduction for the simple reason people get older as time passes and thus consume their life expectancy. In an effort to understand the Plan's argument, the Court reread all the papers, as well as the transcript of the oral argument. The Plan's argument on this matter is not persuasive and, accordingly, the Court **adopts** the position of the Class.

Finally, the Plan proposes to switch from the 83 GAM mortality table to the UP 84 mortality table as of January 1, 2000, for the purpose of determining present value. Again, the Court is at a loss to understand why this would be appropriate, because it was the Plan's failure to utilize the 83 GAM table that was unlawful and resulted in a finding of liability against the Plan. ERISA prohibits plan amendments that alter the actuarial assumptions used to compute present value. *See* Rev. Rul. 81-12, 1981-1 C.B. 228, 1981 WL 165942. This Court has strained to discern some complexity or nuance in the Plan's argument that is real but not apparent on the first take. After all, it is rare that a sophisticated litigant is wrong on every issue and that reality is enough to prompt a second look by any trial judge. If there is any merit to the Plan's argument, it is beyond this Court, and the Class' position is **adopted** by the Court.

The Plaintiff Class is **ORDERED** to file within **14 days** a final version of spreadsheet (X). The Court will then enter judgment for the Class consistent with its previous Orders and the parties' stipulation.

**IT IS SO ORDERED.**

DATED:  09/07/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
