IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LINDA CALL, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 01-717-GPM ) |
| THE AMERITECH MANAGEMENT PENSION PLAN, | ) ) ) |
| Defendant. | ) ) |

# FINAL ORDER

**MURPHY, Chief District Judge:**

On November 14, 2005, the Court conducted a hearing on Plaintiffs' motion for attorney fees, costs, and incentive awards. Class Counsel were the only persons to appear at the hearing.[1] Defense counsel did not file any papers objecting to Plaintiffs' motion.

Although the Court received correspondence from four individuals which the Clerk's office docketed as objections (*see* Docs. 125-128), Plaintiffs' counsel represented at the hearing that three of the individuals, David Gebhardt, Jr., Donald D. Counsell, and Mary K. Slick, are not members of the class. Thus, they lack any standing to object to the requested fee award. Even if these individuals had standing to object, their objections amount to nothing more than a complaint about

---

[1] The Court notes that the notice issued by the Clerk set the time of the November 14 hearing at 11 a.m. (*See* Doc. 119.) This notice was issued electronically to all parties on September 27, 2005. The notice of motion prepared by the parties and mailed to the class members contained a typographical error listing the time of the hearing as 1 p.m. (*See* Doc. 118, Exhibit 1.) Nonetheless, none of the purported objectors appeared at any time on November 14.

the amount of the fee award. For the reasons explained below, the Court finds the requested fee to be reasonable.

The other person who corresponded, Christine M. Micka, did so on her deceased husband's behalf simply to avoid forfeiting any payment that is due to her. She makes no complaint about the amount of the fee and, of course, she has not waived anything.

Considering all the arguments in Plaintiffs' motion, the Court finds that the requested 29% is reasonable in light of the nature of this case and the market. There is no reason to believe that Linda Call or any member of the class could have afforded to retain counsel on any basis other than a contingent fee. For this reason, a percentage of recovery fee is appropriate. Moreover, this Court is personally familiar with the percentage awarded in relatively similar cases in this district. *See, e.g., Cooper v. IBM*, Cause No. 99-829-GPM, Doc. 358 (S.D. Ill. Aug. 16, 2005). The quality of representation the class received was in the upper echelon.

Finally, an award of an incentive fee to Linda Call is appropriate. Incentive fees encourage individuals to become named plaintiffs. Here, Ms. Call pursued relatively modest monetary claims against her former employer's pension plan on behalf of thousands of former colleagues. A $15,000 incentive fee is reasonable.

For these reasons, any objections are **OVERRULED**, and the motion for attorney fees, costs, and incentive awards (Doc. 118) is **GRANTED**. Class Counsel is awarded fees and costs in the amount of 29% of the recovery for the class. Linda Call is awarded an incentive award in the amount of **$15,000.00**.

All issues having now been resolved, this action is **DISMISSED with prejudice**, and the

Clerk is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED:  11/16/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
